IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBBIE J. MOORE, #B-16483, <br> JAMES LAWSON, #S-12185, <br> DUSTIN KELLER, #B-85036, <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF CORRECTIONS, <br> S.S. GODINEZ, <br> DONALD GAETZ,  and <br> DAVID REDNOUR, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 13-cv-427-MJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiffs Robbie J. Moore, James Lawson and Distin Keller are all currently incarcerated at Pickneyville Correctional Center ("Pickneyville"), and have brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs are Celtic Pagans, but prison officials do not recognize their religion; consequently, they cannot assemble for religious activities, contact a religious elder in the community, and are otherwise not permitted to practice their religion. The Court construes their complaint as claiming that the Illinois Department of Corrections, by way of a custom, policy or practice, and Defendants S.A. Godinez, director of the Illinois Department of Corrections ("IDOC"), Donald Gaetz, warden of Pickneyville, and David Rednour, assistant warden at Pickneyville, violated Plaintiffs' First Amendment right to freely exercise their religion, and discriminated against their beliefs in violation of the Equal Protection Clause of the Fourteenth Amendment.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiffs' complaint, the Court concludes that this action is subject to summary dismissal, without prejudice.

Plaintiffs have admittedly failed to exhaust available administrative remedies prior to filing suit, as required by 28 U.S.C. § 1997e(a). Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." *See also Booth v. Churner,* 531 U.S. 956 (2001); *Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter v. Nussle,* 534 U.S. 516, 524–25 (2002). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999); *see Smith v. Zachary,* 255 F.3d 446, 450 (7th Cir. 2001). An attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004); *Perez Wis. Dep't of Corrs.,* 182 F.3d 532, 536–37 (7th Cir.1999).

Although exhaustion "is an affirmative defense with the burden of proof on the defendants" (*Maddox v. Love,* 655 F.3d 709, 720 (7th Cir. 2011)), the district court may, if obvious from the complaint, dismiss a prisoner complaint *sua sponte* for failure to exhaust. *See also Gleash v. Yuswak,* 308 F.3d 758, 760 (7th Cir. 2002). Plaintiffs state in their complaint that their administrative grievance is still pending, and they do not suggest that administrative remedies have been rendered unavailable in any manner (*see* Doc. 1, p. 4). Therefore, the

complaint shall be dismissed without prejudice, so that Plaintiffs can exhaust administrative remedies.

**Filing Fees and Pending Motions**

Plaintiffs' obligation to pay the filing fee for this action was incurred at the time the action was filed, and thus remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, each Plaintiff must pay the $350 filing fee (and an additional $50 administrative fee that is applicable if a plaintiff is not proceeding as a pauper). *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004).

Plaintiff Moore has moved for leave to proceed *in forma pauperis* (Doc. 3), and he has now moved for leave to file his prison trust fund account statement, as well as the trust fund information for Plaintiff Lawson (Doc. 6). Plaintiff Moore cannot file a motion of Lawson's behalf, and Lawson has not filed a motion for pauper status. Therefore, Moore's motion (Doc. 3) shall be granted in part and denied in part. Moore's trust fund statement will be filed (Doc. 6, pp. 2-3), but Lawson's trust fund statement (Doc. 6, pp. 4-6) shall not be filed.

As already noted, Plaintiffs Lawson and Keller have not properly moved to proceed *in forma pauperis*, nor have they each submitted the required filing fee. Therefore, within **THIRTY (30) DAYS** of the date of the entry of this order, Plaintiffs Lawson and Keller each shall pay the total $400 filing fee applicable to this action. In the alternative, Lawson and Keller may each file a motion to proceed *in forma pauperis*, supported by a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint and an affidavit that includes a statement of his assets. Lawson and Keller are **ADVISED** that in the event either of them has been transferred among institutions during this six-month period, it is his responsibility to obtain a copy of his prison trust account statement

from each such facility and to forward it to the Court.  Again, each Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist regardless of whether leave to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

All Plaintiffs are **ADVISED** that failure to either pay the filing fee or properly move for pauper status by the prescribed deadline will likely result in any offending Plaintiff being barred from filing any new papers in this Court until such time as he has paid to the Clerk of Court the filing fee for this action in full.  *See Ammons v. Gerlinger,* 547 F.3d 724, 726 (7th Cir.2008) (*citing Newlin v. Helman,* 123 F.3d 429, 436–37 (7th Cir. 1997)); *United States ex rel. Ferdone v. Circuit Ct. for Taylor County,* 73 F.3d 669, 674–75 (7th Cir. 1995); *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir. 1985).

Because this action is being dismissed, Plaintiffs' motion for recruitment of counsel (Doc. 2) and motion for service of process at government expense (Doc. 4) are both moot and shall, therefore, be denied.  Also, Plaintiffs' recent "Motion for Attachment/Concaladation" [sic] (Doc. 9), seeking to add Clifton A. Pavy as a plaintiff (Doc. 9) shall be denied.

**Disposition**

Plaintiffs' motion for recruitment of counsel (Doc. 2) and motion for service of process at government expense (Doc. 4) are both **DENIED AS MOOT**.  Plaintiff Moore's motion for pauper status (Doc. 3) shall **REMAIN PENDING** and will be addressed by separate order.  Plaintiff Moore's motion to supplement/file trust fund statements (Doc. 3) shall be **GRANTED IN PART AND DENIED IN PART**; The Clerk of Court is **DIRECTED** to file Moore's trust fund statement (Doc. 6, pp. 2-3), but Lawson's trust fund statement (Doc. 6, pp. 4-

6) shall not be filed. Plaintiffs' "Motion for Attachment/Concaladation" [sic] (Doc. 9) is **DENIED AS MOOT**.

For the reasons stated above, this action and all claims against all Defendants are **DISMISSED without prejudice** for failure to exhaust administrative remedies as required under 28 U.S.C. § 1997e(a). Plaintiffs are **ADVISED** that this dismissal shall not count as one of their allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

Within **THIRTY (30) DAYS** of the date of the entry of this order Plaintiffs Moore, Lawson and Keller shall either pay the full $400 filing fee or properly move for leave to proceed *in forma pauperis* as directed in this Order.

Finally, Plaintiffs are **ADVISED** that they are each under a continuing obligation to keep the Clerk of Court informed of any change in their respective addresses; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents.

**IT IS SO ORDERED.**

**DATED:  May 15, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**